UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN NEWSOME, | : |
|     Petitioner, | : |
| | : |
| v. | :   Case No. 3:01CV1968 (DJS) |
| | : |
| COMMISSIONER OF CORRECTION, | : |
|     Respondent. | : |

## MEMORANDUM OF DECISION

Petitioner, Shawn Newsome, seeks a writ of habeus corpus against the Connecticut Commissioner of Corrections pursuant to 28 U.S.C. §2254, challenging his conviction for murder under Connecticut law. For the following reasons, two of Newsome's claims are dismissed without prejudice and the remaining claims are stayed pending resolution of petitioner's efforts to exhaust the dismissed claims in state court proceedings.

## Background

Shawn Newsome was convicted on May 26, 1993, after a jury trial, of murder in violation of §53a-54a(a) of the Connecticut Penal Code. Newsome was convicted on April 15, 1994 and sentenced to 45 years imprisonment. He filed a direct appeal with the Connecticut Supreme Court on June 6, 1994, alleging that (1) the evidence was insufficient to sustain his conviction; (2) the finding of probable cause was invalid and therefore the trial court lacked jurisdiction over his case; (3) the state trial court misapplied the doctrine of State v. Whelan, 200 Conn. 743 (1986) that permits the introduction of a prior inconsistent statement of a witness as substantive

evidence when the declarant is available for cross-examination at trial; and (4) the trial was tainted by jury misconduct. The Connecticut Supreme Court affirmed the conviction and rejected each of Newsome's claims on August 6, 1996. State v. Newsome, 238 Conn. 588 (1996).

Petitioner filed a pro se petition for a writ of habeus corpus in state court on April 30, 1997 claiming ineffective assistance of counsel. The petition was amended on December 29, 1998, again alleging ineffective assistance at his criminal trial. A hearing on the petition was held on February 23, 2000. Newsome alleged that his counsel, Attorney Carol Goldberg, failed, among other charges, to: properly cross-examine state's witnesses; present witnesses on Newsome's behalf; investigate physical evidence; put forward an alternate theory of the case; litigate the issue of juror misconduct; and challenge the sufficiency of the evidence. The habeus court found the petition to be without merit and dismissed the claim on May 16, 2000. Newsome motioned for a certification to appeal the ruling and this was denied on May 24, 2000. Petitioner appealed the denial of certification as an abuse of discretion, and this appeal was dismissed by the Connecticut Appellate Court. Newsome v. Commissioner of Correction, 64 Conn.App. 904 (2001). Newsome then filed a petition for certification to appeal with the Connecticut Supreme Court, and this was denied on September 20, 2001. Newsome v. Commissioner of Correction, 258 Conn. 921 (2001). The present petition was filed in federal court on October 18, 2001.

Petitioner brings five claims in support of his petition. First, he claims that evidence to support his criminal conviction was insufficient, and so no rational trier of fact could have found him guilty beyond a reasonable doubt. Second, he claims that the admission of prior inconsistent statements as substantive evidence, even under Whelan, constitutes a violation of due process of law as guaranteed under the Fourteenth Amendment to the United States Constitution. Third,

Newsome alleged that the state trial court's admission of a prior inconsistent statement as substantive evidence, where that evidence was the sole evidence of guilt, is a violation of due process pursuant to the United States Supreme Court's ruling in California v. Green, 399 U.S. 149, 164 n.15 (1970). Fourth, petitioner claims that the trial court erred in denying his motion for a new trial based on juror misconduct. Fifth, Newsome argues that he suffered from ineffective assistance of counsel during his criminal trial.

The first and fourth claims were adjudicated by the Connecticut Supreme Court in Newsome's direct appeal. The fifth claim was heard and rejected by the Connecticut habeus court. The second and third claims have never been presented directly to any state court for review.

## Standard of Review

A petitioner seeking habeus corpus relief from a state court judgment must first exhaust all available state remedies. 28 U.S.C. §2254(b)(1)(A). The state courts must have a fair opportunity to pass upon the federal claim. Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982). "State courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

The Supreme Court has held that a district court must dismiss all "mixed petitions" that contain both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982). Upon dismissal, the petitioner has the option of returning to state court to exhaust his claims or of amending or re-submitting his federal habeus petition to present only exhausted claims. Id. The Rose rule was handed down prior to the enactment of the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). AEDPA imposes a one-year statute of limitations on habeus corpus petitions, calculated from the "date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. §2244(d)(1)(A). The limitations period excludes the pendency of a properly filed "application for State post-conviction or other collateral review." 28 U.S.C. §2244(d)(2). The limitations period continues to run, however, during the pendency of a federal habeus petition. Duncan v. Walker, 533 U.S. 167, 172 (2001).

The Second Circuit has reconsidered Rose in light of AEDPA and held that a district court has discretion, when a "mixed petition" is filed, to dismiss the unexhausted claims without prejudice and stay the exhausted claims. Zarvela v. Artuz, 254 F.3d 374, 380 (2d Cir. 2001).[1] A stay is only appropriate where an outright dismissal "could jeopardize the timeliness of a collateral attack." Id. (citing Freeman v. Page, 208 F.3d 572, 577 (7th Cir. 2000)). The stay should be conditioned on the petitioner's initiation of an attempt to exhaust the dismissed claims within a period, normally 30 days. Id. at 381. Further, petitioner should be permitted only a limited window, again 30 days, to amend his petition upon the conclusion of state court proceedings. Id. Although the Zarvela opinion does not address it, the Rose rule that would permit a petitioner to amend his petition to include only exhausted claims is likely still in effect under Zarvela. The petitioner would need to amend his petition even after dismissal of the unexhausted claims, however, because the district court's discretion is a choice only between dismissal of the entire

---

[1] The Supreme Court recently considered a rule similar to the one adopted in Zarvela. The Court declined to rule on the propriety of the district court exercising discretion to dismiss portions of the petition and stay the remainder. Pliler v. Ford, 124 S.Ct. 2441, 2446 (2004).

petition under <u>Rose</u> and staying the recoverable portions of the petition until exhaustion has been completed. A failure to meet the conditions of the stay results in dismissal of the entire petition. The district court does not have discretion to dismiss portions of the petition for failure to exhaust and then to proceed immediately with the properly exhausted claims. Any other outcome would undermine <u>Rose</u>, which is still controlling law.

## Discussion

Respondent argues that the first, second and third claims raised by Newsome have never before been presented to a state court for adjudication and therefore have not been exhausted. Petitioner responds that the court need not consider exhaustion because, even if his claims are unexhausted, he may avoid this procedural default by showing that a failure to consider his petition will result in a miscarriage of justice. <u>Coleman v. Thompson</u>, 501 U.S. 722, 751 (1991). Petitioner misunderstands the nature of the <u>Coleman</u> rule and further does not meet the standard set forth in that decision. The second and third claims are unexhausted and, pursuant to <u>Zarvela</u>, dismissed without prejudice.

**A. Petitioner's Claims**

The record shows that Newsome did not raise any claims of a federal constitutional violation before the Connecticut Supreme Court or before the Connecticut habeus court. The present petition argues that petitioner's conviction violates due process in three different ways. First, the conviction of Newsome based solely upon the uncorroborated, prior inconsistent statement of a witness is insufficient to sustain a conviction under the "beyond a reasonable doubt" standard. Second, petitioner claims that the admission of a prior inconsistent statement as

substantive evidence under the doctrine established by the Connecticut Supreme Court's ruling in Whelan is a violation of due process. Finally, Newsome argues that the admission of a prior inconsistent statement as substantive evidence where the statement constitutes the sole evidence of petitioner's guilt is inconsistent with dicta found in California v. Green, 399 U.S. 149, 164 n.15 (1970).[2]

Although a defendant need not cite chapter and verse of the Constitution in his direct appeal or state collateral attack, he must fairly present the constitutional nature of his claim to the state courts. Daye, 696 F.2d at 194. Petitioner may accomplish this task by (1) relying on pertinent federal cases employing constitutional analysis; (2) relying on state cases employing constitutional analysis in like fact situations; (3) asserting a claim in terms so particular that it brings to mind a right protected by the Constitution; or (4) alleging a pattern of facts within the mainstream of constitutional litigation. Id. The opinion of the Connecticut Supreme Court in Newsome and the evidence submitted in the parties' briefs do not show that petitioner has met his burden of exhaustion regarding his second and third claims.

The first claim, that a conviction not supported by sufficient evidence is a violation of due process, is so obvious that it can be assumed the Connecticut Supreme Court considered it implicitly when it determined that the evidence was sufficient to sustain Newsome's conviction. A petitioner does not need to cite any specific constitutional provision when he claims that no rational juror could have found him guilty beyond a reasonable doubt. The reasonable doubt standard is itself an expression of the requirement of due process. Newsome exhausted his first

---

[2]Petitioner admits that Green does not, in fact, hold that the introduction of a prior inconsistent statement violates the due process clause. There is a suggestion to that effect in a footnote, but the Supreme Court did not directly address the issue.

claim on direct appeal of his conviction.

The second and third claims present more subtle and less obvious constitutional claims. Petitioner's failure to affirmatively alert either the Connecticut Supreme Court or the Connecticut habeus court to the substance of these claims means that he has not met his burden of exhaustion. Newsome's second claim asserts that admission of a prior inconsistent statement as substantive evidence during his criminal trial under the <u>Whelan</u> doctrine denied him due process of law. Petitioner argued on direct appeal that a <u>Whelan</u> submission is always insufficient to support a conviction unless it is corroborated by other evidence, but this claim is substantially different than the issue raised in his habeus corpus petition.

The Connecticut Supreme Court held that there was no per se rule that a <u>Whelan</u> statement could never be sufficient to support a conviction in the absence of corroborating evidence. <u>Newsome</u>, 238 Conn. at 611-612. Although this ruling arguably assumes that a prior inconsistent statement introduced under <u>Whelan</u> does not violate due process, the Connecticut Supreme Court was not explicitly presented with the question and, therefore, never had the chance to directly consider the constitutionality of its own precedent. The <u>Newsome</u> decision considers evidentiary sufficiency and admissibility, but the Connecticut Supreme Court was not asked to, and did not, consider the underlying constitutionality of the <u>Whelan</u> doctrine. The requirement of exhaustion is based in comity and is intended to permit state courts to correct errors that may have crept into the state criminal process. <u>Mukhtaar v. Armstrong</u>, 2003 WL 22232976, *2 (D.Conn. Sept. 24, 2003). The petitioner may not ask a federal court to review the constitutionality of a state court ruling without first permitting the state court an opportunity to review its own judgment for constitutional deficiency.

Finally, as to the third claim there is no doubt that the issue has not been exhausted. Newsome never presented the Connecticut Supreme Court with its argument regarding the legal authority of Green and there is no doubt that the state courts have not ruled on Green's potential impact on the admission of prior inconsistent statements. Unless the state court has a full and fair chance, prior to federal review, to consider the effect of a federal judicial opinion on the state's criminal justice system, it cannot be said that petitioner has exhausted his claim.

**B. Procedural Default Doctrine**

Petitioner asserts that, even if his claims are unexhausted, the court need not dismiss them because he may avoid default by showing that a failure to review his claims will result in a miscarriage of justice. Newsome misconstrues the doctrine he cites to avoid the exhaustion requirement. A procedural default exists when a petitioner's claims for relief are denied because they failed to satisfy some state procedural rule. Generally, such claims are barred from federal habeus review because the state procedural default serves as an adequate and independent state ground for decision and the federal opinion would therefore be merely advisory. Coleman v. Thompson, 501 U.S. 722, 729-730 (1991). The interests of comity are not always a firm barrier to review, and a federal court may consider a habeus petition that raises claims otherwise barred by a state procedural default when the petitioner can show cause for the default and actual prejudice resulting from the default. Id. at 748. Cause and prejudice will be shown when review is necessary to correct a fundamental miscarriage of justice, defined as a situation where a constitutional violation has probably resulted in the conviction of an innocent person. Id. (citing Murray v. Carrier, 477 U.S. 478, 496 (1986)).

A critical component to this test is the presence of a state procedural default. No such

default is alleged by petitioner. There is nothing to show that Newsome tried to raise his constitutional claims but was prevented from doing so because of a state procedural rule. Nor is there any claim or evidence that Newsome cannot now return to a state court and seek another writ of habeus corpus there based on his previously unraised federal constitutional claims. A failure to exhaust is excused as a procedural default only when the court where petitioner would bring his unexhausted claims would now find those claims procedurally barred. Reyes v. Keane, 118 F.3d 136, 140 (2d Cir. 1997)(quoting Coleman, 501 U.S. at 735 n.1). Petitioner does not show anything that would lead this court to conclude that his claims are now procedurally barred. Absent the necessary showing of cause and prejudice, Newsome cannot escape the exhaustion requirement by invoking the procedural default doctrine. The doctrine is a limited exception to the rule prohibiting habeus review of claims that were rejected in state court due to violations of state procedural rules, and it does not apply to a case such as this, where the petitioner has merely failed to exhaust claims that are not procedurally barred.

    **C. Dismissal and Stay Pursuant to Zarvela**

The Second Circuit has afforded this court, under the rule in Zarvela, discretion to dismiss without prejudice only those claims that have not been exhausted and stay any remaining exhausted claims. The stay remains in effect only if the petitioner seeks exhaustion of the dismissed claims in state court before amending his federal habeus petition. The Zarvela rule should only be invoked when the exhausted claims, if dismissed, would run afoul of the one-year statute of limitations imposed on habeus claims under AEDPA. The one-year limitations period for Newsome began to run on August 6, 1996, at the end of his direct appeals in the Connecticut

courts. The period was tolled periodically beginning on April 30, 1997, during the pendency of Newsome's various collateral attacks, and once again ran without interruption when those attacks ended on September 20, 2001. The filing of a federal habeus petition on October 18, 2001 did not further toll the limitations period, and the period is now certainly closed. A dismissal of Newsome's entire petition would result in a complete denial of habeus review as any future petition would be time-barred. The court will therefore exercise its discretion and stay this case for a period of thirty days, subject to Newsome's compliance with the order of the court.

## Conclusion

The petition for a writ of habeus corpus is "mixed" as it contains both exhausted and unexhausted claims. The court, conscious of the barrier to re-filing this petition created by the AEDPA one year statute of limitations, will exercise its discretion and stay the case for thirty (30) days. The unexhausted claims are dismissed without prejudice. Petitioner must seek to exhaust his unexhausted claims in state court during the initial thirty day window. If Newsome seeks to exhaust, the stay will be continued until final state court resolution of his claims. Petitioner will then have another thirty (30) days, from the completion of state court proceedings, to amend his petition in federal court to reflect the results of his efforts at exhaustion. Should Newsome fail to seek full exhaustion within the thirty days, or otherwise fail to amend his petition within thirty days of the exhaustion of his claims, the court will vacate the stay nunc pro tunc and dismiss the entire "mixed" petition as required by Rose and Pliler.

The Second and Third Claims of the petition are dismissed without prejudice for failure to exhaust all available state remedies. The remainder of the petition is stayed for thirty days pending

notice to this court that petitioner has begun a proceeding in state court to exhaust his claims. Failure to seek full exhaustion, within thirty days of the entry of this ruling, will cause the court to vacate the stay and dismiss the petition in its entirety.

IT IS SO ORDERED at Hartford, Connecticut on this ‾‾17th‾‾ day of November, 2004.

‾‾‾‾‾‾‾‾/s/DJS‾‾‾‾‾‾‾‾
**DOMINIC J. SQUATRITO**
**UNITED STATES DISTRICT JUDGE**