**SUMMONS - CIVIL**
(Except Family Actions)
JD-CV-1 Rev. 1-2000
C.G.S. § 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs 3-1 thru 3-21, 8-1

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.state.ct.us

| "X" ONE OF THE FOLLOWING: |
| *Amount, legal interest or property in demand, exclusive of interest and costs is:* |
| ☐ less than $2,500 |
| ☐ $2,500 through $14,999.99 |
| ☐ $15,000 or more |
| ("X" if applicable) |
| ☒ *Claiming other relief in addition to or in lieu of money or damages.* |

**INSTRUCTIONS**
1. Type or print legibly: sign original summons and conform all copies of the summons.
2. Prepare or photocopy conformed summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an execution, garnishment, attachment or replevy is being sought.  See Practice Book Section 8-1 for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| | | RETURN DATE (Mo., day, yr.) (Must be a Tuesday)  N/A |
|---|---|---|
| ☒ JUDICIAL DISTRICT ☐ HOUSING SESSION ☐ G.A. NO. | AT (Town in which writ is returnable) (C.G.S. 51-346, 51-349) New Haven | CASE TYPE (See JD-CV-1c) Major __M__  Minor __30__ |

ADDRESS OF COURT CLERK WHERE WRIT AND OTHER PAPERS SHALL BE FILED (No., street, town and zip code) (C.G.S. 51-346, 51-350) | TELEPHONE NO. (w/area code)
235 Church Street, New Haven, CT  06511

| PARTIES | NAME AND ADDRESS OF EACH PARTY (No., street, town and zip code) | NOTE: Individuals' Names: Last, First, Middle Initial | | PTY NO. |
|---|---|---|---|---|
| FIRST NAMED PLAINTIFF | Newsome, Shawn Cheshire C.I. 900 Highland Avenue Cheshire, CT  06410 | | ☐ Form JD-CV-2 attached | 01 |
| Additional Plaintiff | | | | 02 |
| FIRST NAMED DEFENDANT | Theresa Lantz, Commissioner of the Department of Corrections 24 Wolcott Hill Rd. Wethersfield, CT | | | 50 |
| Additional Defendant | | | | 51 |
| Additional Defendant | | | | 52 |
| Additional Defendant | | | | 53 |

## NOTICE TO EACH DEFENDANT

1. **YOU ARE BEING SUED.**
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.

6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. **The Clerk of Court is not permitted to give advice on legal questions.**

| DATE 12-6-2004 | SIGNED (Sign and "X" proper box) | ☒ Comm. of Superior Court ☐ Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT Raymond J. Rigat |
|---|---|---|---|

**FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:**

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code) Gilbride & Rigat, 23 East Main St. Clinton, CT  06413 | TELEPHONE NUMBER 860-669-3273 | JURIS NO. (If atty. or law firm) 403047 |
|---|---|---|

| NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town and  zip code) Matthew T. Gilbride, 23 East Main Street, Clinton, CT  06413 | SIGNATURE OF PLAINTIFF IF PRO SE |
|---|---|

| # PLFS. 1 | # DEFS. 1 | # CNTS. 2 | SIGNED (Official taking recognizance; "X" proper box) | ☒ Comm. of Superior Court ☐ Assistant Clerk | For Court Use Only FILE DATE |
|---|---|---|---|---|---|

IF THIS SUMMONS IS SIGNED BY A CLERK:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

DEC 10 2004

| I hereby certify I have read and understand the above: | SIGNED (Pro Se Plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|

STATE OF CONNECTICUT
SUPERIOR COURT

SHAWN NEWSOME,             :     JUDICIAL DISTRICT
      *petitioner*         :     OF NEW HAVEN
                           :
                           :     AT NEW HAVEN
                           :
V.                         :
                           :
COMMISSIONER OF CORRECTION,    :
      *respondent.*        :     DECEMBER 6, 2004

## PETITION FOR WRIT OF HABEAS CORPUS

The Petitioner, an inmate in the custody and control of the Respondent, currently

confined in the Chesire Correctional Institution, brings this matter pursuant to P.B. § 23-

21, et seq. ; Conn. Gen. Stat. § 52-46, et seq.; AND the constitution of the State of

Connecticut, Article First, § 12.

## FACTUAL PREDICATE

1.     On May 26, 1993, the Petitioner was convicted after a jury trial of murder in

violation of General Statutes Annotated § 53a-54a.  He was sentenced to forty-five years

in prison.

2.     In a decision issued on August 6, 1996, entitled *State v. Newsome*, 238 Conn. 588,

682 A.2d 972 (1996), the Connecticut Supreme Court determined that the jury could have

reasonably found the following facts: "At approximately 10:30 p.m. on march 4, 1992,

Bridgeport police officer David Daniels heard two gunshots fired in the area of 455

Trumball Avenue in Bridgeport. When Daniels responded to the location where he

believed the shots had been fired, he saw a car leave the area and discovered the victim,

Lance Surrency, lying in the grass in front of 385 Trumball Avenue. The victim had been

shot in the face and was unresponsive. He died shortly thereafter.

3.      "The following day, the police questioned Rodney Womble about the shooting.

In a signed, sworn statement, Womble identified [the Petitioner] as the person who had

shot the victim. Womble told the police that on the previous evening he had observed a

fight between the victim and several other men, including [the Petitioner], while they

were standing near a 'food bus' in a parking lot of the Trumball Gardens Housing

Complex. Womble stated that [the Petitioner] had poured beer on the victim to provoke

him to fight and had then taken out a gun and shot the victim. He further stated that

immediately after the shooting, [the Petitioner] had entered a car parked nearby and had

driven away.

4.      "[The Petitioner] was subsequently arrested and charged with the victim's

murder. At both the probable cause hearing and at trial, Womble testified that although

he had witnessed the shooting, he had not been able to identify the person who had shot

the victim. Womble admitted that he had told the police that [the Petitioner] was the

shooter, but claimed that he had only heard rumors that [the Petitioner] had shot the

victim and had given [the Petitioner's] name to the police in order to leave the police

station as quickly as possible. At the probable cause hearing, the state introduced the

portion of Womble's prior statement to the police in which he described the shooting.

The segment of the statement was offered for substantive purposes pursuant to *State v.*

*Whelan*, 200 Conn. 743, 513 A.2d 86, cert. denied, 479 U.S. 994, 107 S.Ct. 597, 93

L.Ed.2d 598 (1986). The trial court found probable cause to believe [the Petitioner] had

murdered the victim. At trial, the state introduced Womble's entire statement, with some

redactions, for substantive purposes pursuant to *Whelan*. Womble's statement provided

the only identification evidence against [the Petitioner]. The jury found [the Petitioner]

guilty of murder."


5.    Subsequently, the Petitioner moved for a new trial, claiming that he had been

deprived of a fair trial by certain juror misconduct, namely: one juror's alleged visit to the

scene of the crime; certain comments alleged to have been made by jurors regarding the

dress and demeanor of certain witnesses and the credibility of Womble; and contact

between one juror and a member of the Petitioner's family. After an evidentiary hearing,

the trial court denied the petitioner's motion, concluding that the challenged conduct had

not affected the jury deliberations or prejudiced the Petitioner so as to require a new trial.


6.    On direct appeal to the Connecticut Supreme Court, the Petitioner claimed that:

(1) the trial court lacked jurisdiction to hear his case because the finding of probable

cause was invalid; (2) the evidence admitted at trial was insufficient to sustain his

conviction; (3) the trial court improperly admitted Womble's extrajudicial statement into

evidence at trial; and (4) the trial court improperly denied his motion for a new trial based

on juror misconduct.  The Connecticut Supreme Court affirmed the judgment of conviction.

7.      On April 30, 1997, the Petitioner filed a pro se petition for writ of habeas corpus. On May 7, 1997, the Offiice of the Chief Clerk, Superior Court, pursuant to the direction of the Court, Sullivan, J., referred the matter to the Office of the Chief Public Defender who ultimately assigned the Petitioner legal representation by a Special Public Defender.

8.      An amended petition was filed with the habeas court on December 29, 1998.  A return was filed by the Respondent on February 23, 2000. A trial was held on the petition on the same day that the return was filed, that is, February 23, 2000.  The court conducted an evidentiary hearing on the petition during which the court heard testimony from the Petitioner and his criminal trial counsel, Attorney Carol Goldberg, and received documentary evidence, including the transcript of the Petitioner's trial.

9.      At that hearing the Petitioner asserted that he was deprived of his right to effective assistance of counsel at trial for the following reasons:  (1) his attorney failed to appropriately cross-examine the state's witnesses; (2) his attorney failed to present a particular witness on his behalf; (3) his attorney failed to appropriately test the victim's clothing; and (4) his attorney failed to argue to the jury that Rodney Womble shot the victim.  The habeas court, Alander, J.,  found each of these claims to be without merit, and dismissed the state habeas petition on May 16, 2000.

10.    On May 24, 2000, the habeas court denied the petitioner's motion to certify an

appeal, but the court did grant the Petitioner's request for a fee waiver in order that he

may file an appeal on the issue of whether the habeas court's refusal to certify an issue

was an abuse of discretion under the doctrine of *Simms v. Warden*, 229 Conn. 178, 189,

640 A.2d 601 (1994)[*Simms I*], and *Simms v. Warden*, 230 Conn. 608, 612, 646 A.2d 126

(1994) [*Simms II*].

11.    An appeal was timely filed by the Petitioner, on the issue of whether the habeas

court's refusal to certify an issue was an abuse of discretion, and was dismissed by that

court. *See Newsome v. Commissioner of Correction*, 64 Conn.App. 904, 777 A.2d 757

(2001).  On July 18, 2001, the Petitioner filed a petition for certification with the

Connecticut Supreme Court, which was denied on September 20, 2001. *See Newsome v.*

*Commissioner*, 258 Conn. 921, 782 A.2d 1245 (2001).

12.    On October 18, 2001, the Petitioner sought a writ of habeas corpus in the United

States District Court, for the District of Connecticut, against the Connecticut

Commissioner of Corrections pursuant to 28 U.S.C.A. § 2254 challenging his conviction

for murder under Connecticut law.

13.    The Petitioner brought five claims in support of his federal habeas petition: First,

he claimed that evidence to support his criminal conviction was insufficient, and so no

rational trier of fact could have found him guilty beyond a reasonable doubt; Second, he

claimed that the admisiion of prior inconsistent statements as substantive evidence, even

under Whelan, constituted a violation of due process of law as guaranteed under the

Fourtenth Amendment to the United States Constitution; Third, the Petitioner alleged that

the state trial court's admission of a prior inconsistent statement as substantive evidence,

where that evidence was the sole evidenc of guilt, is a violation of due process pursuant

to the United States Supreme Court's ruling in *California v. Green*, 399 U.S. 149, 164 n.

15 (1970); Fourth, the Petitioner claimed that the trial court erred in denying his motion

for a new trial based on juror misconduct; and Fifth, the Petitioner argued that he suffered

from ineffective assistance of counsel during his criminal trial.

14.     On November 17, 2004, the District Court, Hon. Dominic Squatrito, ruled in an

eleven page Memorandum of Decision, *see attached*, that: "The first and fourth claims

were adjudicated by the Connecticut Supreme Court in [the Petitioner's] direct appeal.

The fifth claim was heard and rejected by the Connecticut habeas court.  The second and

third claims have never been presented directly to any state court for review."

15.     Therefore, as a result of these findings, the District Court ordered the following:

"The petition for writ of habeas corpus is 'mixed' as it contains both exhausted and

unexhausted claims.  The court, conscious of the barrier to re-filing this petition created

by the AEDPA one year statute of limitations, will exercise its discretion and stay the

case for thirty (30) days.  The unexhausted claims are dismissed without prejudice.

Petitioner must seek to exhaust his unexhausted claims in state court during the initial

thirty day window."

16.     The Petitioner, now brings this current petition seeking a writ of habeas corpus

asserting the following claims:

## FIRST CLAIM

17.     The admission of the prior inconsistent statement of Womble, even under the so-

called *Whelan* doctrine, as substantive evidence against the Petitioner at his underlying

criminal trial denied him Due Process of law as guaranteed him under the Fourteenth

Amendment to the United States Constitution.

## SECOND CLAIM

18.     The state trial court violated Due Process by admitting the prior inconsistent

statements of Womble as substantive evidencewhere the statements constituted the sole

evidence of the Petitioner's guilt.  *See California v. Green*, 399 U.S. 149, 164 n.15

(1970).

## RELIEF REQUESTED

For all of the above stated reasons the Petitioner respectfully requests the Court to grant his Petition for Writ of Habeas Corpus, order his release from prison, and set aside his convictions with prejudice to the State of Connecticut; OR, in the alternative , to grant his Petition for Writ of Habeas Corpus, order his release from prison, set aside his convictions, and order a new trial.

RESPECTFULLY SUBMITTED,
THE PETITIONER
SHAWN NEWSOME

By:
Raymond J. Rigat, Esq.
His Attorney
Gilbride & Rigat
23 East Main Street
Clinton, Connecticut  06413
Juris No.: 403047
e-mail: raymondjrigat@sbcglobal.net

## **VERIFICATION OF PETITION**

STATE OF CONNECTICUT          :

                                 :          at the Town of Chesire

COUNTY OF NEW HAVEN          :


I, Shawn Newsome, under oath, declare that the facts alleged in the  above

Petition for Writ of Habeas Corpus are true to the best of my knowledge and belief.


_____

Shawn Newsome
Dated: December 7, 2004

The foregoing declaration of Shawn Newsome was taken before me this 7th day of

December, 2004, under oath.


_____

Raymond J. Rigat, Esq.
Commissioner of the Superior Court
Juris Number: 403047





# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

SHAWN NEWSOME,　　　　　　　　　　:
　　　　　　Petitioner,　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　　　:　　Case No. 3:01CV1968 (DJS)
　　　　　　　　　　　　　　　　　　:
COMMISSIONER OF CORRECTION,　　　:
　　　　　　Respondent.　　　　　　　:

## MEMORANDUM OF DECISION

Petitioner, Shawn Newsome, seeks a writ of habeus corpus against the Connecticut

Commissioner of Corrections pursuant to 28 U.S.C. §2254, challenging his conviction for

murder under Connecticut law. For the following reasons, two of Newsome's claims are

dismissed without prejudice and the remaining claims are stayed pending resolution of

petitioner's efforts to exhaust the dismissed claims in state court proceedings.

## Background

Shawn Newsome was convicted on May 26, 1993, after a jury trial, of murder in violation

of §53a-54a(a) of the Connecticut Penal Code. Newsome was convicted on April 15, 1994 and

sentenced to 45 years imprisonment. He filed a direct appeal with the Connecticut Supreme

Court on June 6, 1994, alleging that (1) the evidence was insufficient to sustain his conviction;

(2) the finding of probable cause was invalid and therefore the trial court lacked jurisdiction over

his case; (3) the state trial court misapplied the doctrine of State v. Whelan, 200 Conn. 743

(1986) that permits the introduction of a prior inconsistent statement of a witness as substantive

evidence when the declarant is available for cross-examination at trial; and (4) the trial was

tainted by jury misconduct. The Connecticut Supreme Court affirmed the conviction and rejected

each of Newsome's claims on August 6, 1996. State v. Newsome, 238 Conn. 588 (1996).

      Petitioner filed a pro se petition for a writ of habeus corpus in state court on April 30, 1997

claiming ineffective assistance of counsel. The petition was amended on December 29, 1998,

again alleging ineffective assistance at his criminal trial. A hearing on the petition was held on

February 23, 2000. Newsome alleged that his counsel, Attorney Carol Goldberg, failed, among

other charges, to: properly cross-examine state's witnesses; present witnesses on Newsome's

behalf; investigate physical evidence; put forward an alternate theory of the case; litigate the issue

of juror misconduct; and challenge the sufficiency of the evidence. The habeus court found the

petition to be without merit and dismissed the claim on May 16, 2000. Newsome motioned for a

certification to appeal the ruling and this was denied on May 24, 2000. Petitioner appealed the

denial of certification as an abuse of discretion, and this appeal was dismissed by the Connecticut

Appellate Court. Newsome v. Commissioner of Correction, 64 Conn.App. 904 (2001). Newsome

then filed a petition for certification to appeal with the Connecticut Supreme Court, and this was

denied on September 20, 2001. Newsome v. Commissioner of Correction, 258 Conn. 921 (2001).

The present petition was filed in federal court on October 18, 2001.

      Petitioner brings five claims in support of his petition. First, he claims that evidence to

support his criminal conviction was insufficient, and so no rational trier of fact could have found

him guilty beyond a reasonable doubt. Second, he claims that the admission of prior inconsistent

statements as substantive evidence, even under Whelan, constitutes a violation of due process of

law as guaranteed under the Fourteenth Amendment to the United States Constitution. Third,

Newsome alleged that the state trial court's admission of a prior inconsistent statement as substantive evidence, where that evidence was the sole evidence of guilt, is a violation of due process pursuant to the United States Supreme Court's ruling in <u>California v. Green</u>, 399 U.S. 149, 164 n.15 (1970). Fourth, petitioner claims that the trial court erred in denying his motion for a new trial based on juror misconduct. Fifth, Newsome argues that he suffered from ineffective assistance of counsel during his criminal trial.

The first and fourth claims were adjudicated by the Connecticut Supreme Court in Newsome's direct appeal. The fifth claim was heard and rejected by the Connecticut habeus court. The second and third claims have never been presented directly to any state court for review.

### Standard of Review

A petitioner seeking habeus corpus relief from a state court judgment must first exhaust all available state remedies. 28 U.S.C. §2254(b)(1)(A). The state courts must have a fair opportunity to pass upon the federal claim. <u>Daye v. Attorney General</u>, 696 F.2d 186, 191 (2d Cir. 1982). "State courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999).

The Supreme Court has held that a district court must dismiss all "mixed petitions" that contain both exhausted and unexhausted claims. <u>Rose v. Lundy</u>, 455 U.S. 509, 510 (1982). Upon dismissal, the petitioner has the option of returning to state court to exhaust his claims or of amending or re-submitting his federal habeus petition to present only exhausted claims. <u>Id</u>. The <u>Rose</u> rule was handed down prior to the enactment of the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). AEDPA imposes a one-year statute of limitations on habeus corpus petitions, calculated from the "date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. §2244(d)(1)(A). The limitations period excludes the pendency of a properly filed "application for State post-conviction or other collateral review." 28 U.S.C. §2244(d)(2). The limitations period continues to run, however, during the pendency of a federal habeus petition. Duncan v. Walker, 533 U.S. 167, 172 (2001).

The Second Circuit has reconsidered Rose in light of AEDPA and held that a district court has discretion, when a "mixed petition" is filed, to dismiss the unexhausted claims without prejudice and stay the exhausted claims. Zarvela v. Artuz, 254 F.3d 374, 380 (2d Cir. 2001).[1] A stay is only appropriate where an outright dismissal "could jeopardize the timeliness of a collateral attack." Id. (citing Freeman v. Page, 208 F.3d 572, 577 (7th Cir. 2000)). The stay should be conditioned on the petitioner's initiation of an attempt to exhaust the dismissed claims within a period, normally 30 days. Id. at 381. Further, petitioner should be permitted only a limited window, again 30 days, to amend his petition upon the conclusion of state court proceedings. Id. Although the Zarvela opinion does not address it, the Rose rule that would permit a petitioner to amend his petition to include only exhausted claims is likely still in effect under Zarvela. The petitioner would need to amend his petition even after dismissal of the unexhausted claims, however, because the district court's discretion is a choice only between dismissal of the entire

_____

[1] The Supreme Court recently considered a rule similar to the one adopted in Zarvela. The Court declined to rule on the propriety of the district court exercising discretion to dismiss portions of the petition and stay the remainder. Pliler v. Ford, 124 S.Ct. 2441, 2446 (2004).

petition under <u>Rose</u> and staying the recoverable portions of the petition until exhaustion has been

completed. A failure to meet the conditions of the stay results in dismissal of the entire petition.

The district court does not have discretion to dismiss portions of the petition for failure to exhaust

and then to proceed immediately with the properly exhausted claims. Any other outcome would

undermine <u>Rose</u>, which is still controlling law.

## Discussion

Respondent argues that the first, second and third claims raised by Newsome have never

before been presented to a state court for adjudication and therefore have not been exhausted.

Petitioner responds that the court need not consider exhaustion because, even if his claims are

unexhausted, he may avoid this procedural default by showing that a failure to consider his

petition will result in a miscarriage of justice. <u>Coleman v. Thompson</u>, 501 U.S. 722, 751 (1991).

Petitioner misunderstands the nature of the <u>Coleman</u> rule and further does not meet the standard

set forth in that decision. The second and third claims are unexhausted and, pursuant to <u>Zarvela</u>,

dismissed without prejudice.

### A. Petitioner's Claims

The record shows that Newsome did not raise any claims of a federal constitutional

violation before the Connecticut Supreme Court or before the Connecticut habeus court. The

present petition argues that petitioner's conviction violates due process in three different ways.

First, the conviction of Newsome based solely upon the uncorroborated, prior inconsistent

statement of a witness is insufficient to sustain a conviction under the "beyond a reasonable

doubt" standard. Second, petitioner claims that the admission of a prior inconsistent statement as

substantive evidence under the doctrine established by the Connecticut Supreme Court's ruling in Whelan is a violation of due process. Finally, Newsome argues that the admission of a prior inconsistent statement as substantive evidence where the statement constitutes the sole evidence of petitioner's guilt is inconsistent with dicta found in California v. Green, 399 U.S. 149, 164 n.15 (1970).[2]

Although a defendant need not cite chapter and verse of the Constitution in his direct appeal or state collateral attack, he must fairly present the constitutional nature of his claim to the state courts. Daye, 696 F.2d at 194. Petitioner may accomplish this task by (1) relying on pertinent federal cases employing constitutional analysis; (2) relying on state cases employing constitutional analysis in like fact situations; (3) asserting a claim in terms so particular that it brings to mind a right protected by the Constitution; or (4) alleging a pattern of facts within the mainstream of constitutional litigation. Id. The opinion of the Connecticut Supreme Court in Newsome and the evidence submitted in the parties' briefs do not show that petitioner has met his burden of exhaustion regarding his second and third claims.

The first claim, that a conviction not supported by sufficient evidence is a violation of due process, is so obvious that it can be assumed the Connecticut Supreme Court considered it implicitly when it determined that the evidence was sufficient to sustain Newsome's conviction. A petitioner does not need to cite any specific constitutional provision when he claims that no rational juror could have found him guilty beyond a reasonable doubt. The reasonable doubt standard is itself an expression of the requirement of due process. Newsome exhausted his first

_____

[2]Petitioner admits that Green does not, in fact, hold that the introduction of a prior inconsistent statement violates the due process clause. There is a suggestion to that effect in a footnote, but the Supreme Court did not directly address the issue.

claim on direct appeal of his conviction.

The second and third claims present more subtle and less obvious constitutional claims. Petitioner's failure to affirmatively alert either the Connecticut Supreme Court or the Connecticut habeus court to the substance of these claims means that he has not met his burden of exhaustion. Newsome's second claim asserts that admission of a prior inconsistent statement as substantive evidence during his criminal trial under the Whelan doctrine denied him due process of law. Petitioner argued on direct appeal that a Whelan submission is always insufficient to support a conviction unless it is corroborated by other evidence, but this claim is substantially different than the issue raised in his habeus corpus petition.

The Connecticut Supreme Court held that there was no per se rule that a Whelan statement could never be sufficient to support a conviction in the absence of corroborating evidence. Newsome, 238 Conn. at 611-612. Although this ruling arguably assumes that a prior inconsistent statement introduced under Whelan does not violate due process, the Connecticut Supreme Court was not explicitly presented with the question and, therefore, never had the chance to directly consider the constitutionality of its own precedent. The Newsome decision considers evidentiary sufficiency and admissibility, but the Connecticut Supreme Court was not asked to, and did not, consider the underlying constitutionality of the Whelan doctrine. The requirement of exhaustion is based in comity and is intended to permit state courts to correct errors that may have crept into the state criminal process. Mukhtaar v. Armstrong, 2003 WL 22232976, *2 (D.Conn. Sept. 24, 2003). The petitioner may not ask a federal court to review the constitutionality of a state court ruling without first permitting the state court an opportunity to review its own judgment for constitutional deficiency.

-7-

Finally, as to the third claim there is no doubt that the issue has not been exhausted. Newsome never presented the Connecticut Supreme Court with its argument regarding the legal authority of <u>Green</u> and there is no doubt that the state courts have not ruled on <u>Green</u>'s potential impact on the admission of prior inconsistent statements. Unless the state court has a full and fair chance, prior to federal review, to consider the effect of a federal judicial opinion on the state's criminal justice system, it cannot be said that petitioner has exhausted his claim.

**B. Procedural Default Doctrine**

Petitioner asserts that, even if his claims are unexhausted, the court need not dismiss them because he may avoid default by showing that a failure to review his claims will result in a miscarriage of justice. Newsome misconstrues the doctrine he cites to avoid the exhaustion requirement. A procedural default exists when a petitioner's claims for relief are denied because they failed to satisfy some state procedural rule. Generally, such claims are barred from federal habeus review because the state procedural default serves as an adequate and independent state ground for decision and the federal opinion would therefore be merely advisory. <u>Coleman v. Thompson</u>, 501 U.S. 722, 729-730 (1991). The interests of comity are not always a firm barrier to review, and a federal court may consider a habeus petition that raises claims otherwise barred by a state procedural default when the petitioner can show cause for the default and actual prejudice resulting from the default. <u>Id</u>. at 748. Cause and prejudice will be shown when review is necessary to correct a fundamental miscarriage of justice, defined as a situation where a constitutional violation has probably resulted in the conviction of an innocent person. <u>Id</u>. (citing <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986)).

A critical component to this test is the presence of a state procedural default. No such

default is alleged by petitioner. There is nothing to show that Newsome tried to raise his constitutional claims but was prevented from doing so because of a state procedural rule. Nor is there any claim or evidence that Newsome cannot now return to a state court and seek another writ of habeus corpus there based on his previously unraised federal constitutional claims. A failure to exhaust is excused as a procedural default only when the court where petitioner would bring his unexhausted claims would now find those claims procedurally barred. Reyes v. Keane, 118 F.3d 136, 140 (2d Cir. 1997)(quoting Coleman, 501 U.S. at 735 n.1). Petitioner does not show anything that would lead this court to conclude that his claims are now procedurally barred. Absent the necessary showing of cause and prejudice, Newsome cannot escape the exhaustion requirement by invoking the procedural default doctrine. The doctrine is a limited exception to the rule prohibiting habeus review of claims that were rejected in state court due to violations of state procedural rules, and it does not apply to a case such as this, where the petitioner has merely failed to exhaust claims that are not procedurally barred.

### C. Dismissal and Stay Pursuant to Zarvela

The Second Circuit has afforded this court, under the rule in Zarvela, discretion to dismiss without prejudice only those claims that have not been exhausted and stay any remaining exhausted claims. The stay remains in effect only if the petitioner seeks exhaustion of the dismissed claims in state court before amending his federal habeus petition. The Zarvela rule should only be invoked when the exhausted claims, if dismissed, would run afoul of the one-year statute of limitations imposed on habeus claims under AEDPA. The one-year limitations period for Newsome began to run on August 6, 1996, at the end of his direct appeals in the Connecticut

-9-

courts. The period was tolled periodically beginning on April 30, 1997, during the pendency of

Newsome's various collateral attacks, and once again ran without interruption when those attacks

ended on September 20, 2001. The filing of a federal habeus petition on October 18, 2001 did not

further toll the limitations period, and the period is now certainly closed. A dismissal of

Newsome's entire petition would result in a complete denial of habeus review as any future

petition would be time-barred. The court will therefore exercise its discretion and stay this case

for a period of thirty days, subject to Newsome's compliance with the order of the court.

### Conclusion

The petition for a writ of habeus corpus is "mixed" as it contains both exhausted and

unexhausted claims. The court, conscious of the barrier to re-filing this petition created by the

AEDPA one year statute of limitations, will exercise its discretion and stay the case for thirty (30)

days. The unexhausted claims are dismissed without prejudice. Petitioner must seek to exhaust his

unexhausted claims in state court during the initial thirty day window. If Newsome seeks to

exhaust, the stay will be continued until final state court resolution of his claims. Petitioner will

then have another thirty (30) days, from the completion of state court proceedings, to amend his

petition in federal court to reflect the results of his efforts at exhaustion. Should Newsome fail to

seek full exhaustion within the thirty days, or otherwise fail to amend his petition within thirty

days of the exhaustion of his claims, the court will vacate the stay nunc pro tunc and dismiss the

entire "mixed" petition as required by Rose and Pliler.

The Second and Third Claims of the petition are dismissed without prejudice for failure to

exhaust all available state remedies. The remainder of the petition is stayed for thirty days pending

-10-

notice to this court that petitioner has begun a proceeding in state court to exhaust his claims.

Failure to seek full exhaustion, within thirty days of the entry of this ruling, will cause the court to

vacate the stay and dismiss the petition in its entirety.

IT IS SO ORDERED at Hartford, Connecticut on this __17th__ day of November, 2004.

_____/s/DJS_____
**DOMINIC J. SQUATRITO**
**UNITED STATES DISTRICT JUDGE**

-11-