# SUPREME COURT

# STATE OF CONNECTICUT

NO. PSC-08-0123

Shawn Newsome

v.

Commissioner of Correction



## ORDER ON PETITION FOR CERTIFICATION TO APPEAL

On consideration of the petition by the petitioner Shawn Newsome for certification to appeal from the Appellate Court (109 Conn. App. 159 [AC 28943]), it is hereby ordered that said petition be, and the same is hereby denied.

BY THE COURT,

ALAN M. GANNUSCIO
ASSISTANT CLERK-APPELLATE

Dated: 9/10/2008
Notice sent:   SEPTEMBER 12, 2008
Clerk, Superior Court, Tolland, CV05 4000289
Clerk, Appellate Court
Reporter of Judicial Decisions
SAO
Fairfield Post Conviction Remedy Unit
Raymond J. Rigat, Special Public Defender

Raymond J. Rigat, Special Public Defender, in support of petition; Frederick W. Fawcett, Supervisory Assistant State's Attorney, in opposition.

er

109 Conn.App. 159, 951 A.2d 582

Briefs and Other Related Documents

Appellate Court of Connecticut.
Shawn NEWSOME
v.
COMMISSIONER OF CORRECTION.
No. 28943.
Argued April 15, 2008.
Decided July 15, 2008.

**Background:** After conviction and sentence for murder were affirmed on direct appeal, 238 Conn. 588, 682 A.2d 972, appeal from denial of first petition for writ of habeas corpus was dismissed, and habeas petition filed in United States District Court for the District of Connecticut was dismissed without prejudice, petitioner filed successive petition for writ of habeas corpus. The Superior Court, Judicial District of Tolland, Fuger, J., denied petition, and then denied certificate of appealability (COA). Petitioner appealed.

**Holdings:** The Appellate Court, Foti, J., held that:
(1) right of confrontation under *Crawford* did not apply retroactively on habeas review of challenge to admission of eyewitness' prior inconsistent statement, and
(2) admission, as substantive evidence, of eyewitness' prior inconsistent statement to police in which he identified petitioner as shooter did not violate due process.

Appeal dismissed.

West Headnotes

[1]  KeyCite Citing References for this Headnote

197 Habeas Corpus
   197III Jurisdiction, Proceedings, and Relief
      197III(D) Review
         197III(D)1 In General
            197k817 Requisites and Proceedings for Transfer of Cause
               197k818 k. Certificate of Probable Cause. Most Cited Cases

Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion; if the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits.

[2]  KeyCite Citing References for this Headnote

197 Habeas Corpus
  197III Jurisdiction, Proceedings, and Relief
    197III(D) Review
      197III(D)1 In General
        197k817 Requisites and Proceedings for Transfer of Cause
          197k818 k. Certificate of Probable Cause. Most Cited Cases

To prove an abuse of discretion in the denial of certification to appeal the denial of a petition for writ of habeas corpus, the petitioner must demonstrate that the resolution of the underlying claim involves issues that are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further.

[3]   KeyCite Citing References for this Headnote

106 Courts
  106II Establishment, Organization, and Procedure
    106II(H) Effect of Reversal or Overruling
      106k100 In General
        106k100(1) k. In General; Retroactive or Prospective Operation. Most Cited Cases

Right of confrontation under *Crawford* did not apply retroactively on petition for writ of habeas corpus to petitioner's challenge to admission, as substantive evidence, of eyewitness' prior inconsistent statement to police in which he identified petitioner as shooter. U.S.C.A. Const.Amend. 6.

[4]   KeyCite Citing References for this Headnote

92 Constitutional Law
  92XXVII Due Process
    92XXVII(H) Criminal Law
      92XXVII(H)5 Evidence and Witnesses
        92k4656 Identification Evidence and Procedures
          92k4657 k. In General. Most Cited Cases

110 Criminal Law   KeyCite Citing References for this Headnote
  110XVII Evidence
    110XVII(M) Declarations
      110k416 Declarations by Third Persons
        110k417 In General
          110k417(14) k. Statements Corroborating or Impeaching Testimony of Witness. Most Cited Cases

Admission, as substantive evidence, of eyewitness' prior inconsistent statement to police in which he identified petitioner as shooter did not violate due process, despite petitioner's claim that it was only evidence of guilt. U.S.C.A. Const.Amend. 14.

**583 Raymond J. Rigat , Clinton, for the appellant (petitioner).

Frederick W. Fawcett, supervisory assistant state's attorney, with whom, on the brief, was Jonathan C. Benedict, state's attorney, for the appellee (respondent).

LAVINE, ROBINSON and FOTI, Js.

FOTI, J.
*160 The petitioner, Shawn Newsome, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his second petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion in denying certification to appeal and that it improperly rejected his claims that the trial court denied him due process of law by improperly admitting into evidence (1) the prior inconsistent statements of a witness as substantive evidence and (2) the prior inconsistent statements as substantive evidence when they *161 constituted the sole evidence of the petitioner's guilt.[FN1] We dismiss the appeal.

> FN1. Although the petitioner failed to raise these claims on direct appeal, the respondent, the commissioner of correction, failed to raise the affirmative defense of procedural default in the return to the petition for a writ of habeas corpus. See Practice Book § 23-30(b).

On May 26, 1993, the petitioner was convicted, after a jury trial, of murder in violation of General Statutes § 53a-54a and sentenced to forty-five years in prison. Our Supreme Court affirmed his conviction on direct appeal. See *State v. Newsome*, 238 Conn. 588, 682 A.2d 972 (1996). On April 30, 1997, the petitioner filed a petition for a writ of habeas corpus, and a trial was held on February 23, 2000. On May 16, 2000, the habeas court, *Alander, J.*, denied the petition. On May 24, 2000, the court denied the petition for certification to appeal from the denial of the petition for a writ of habeas corpus. The petitioner then appealed, and the appeal was dismissed. See *Newsome v. Commissioner of Correction*, 64 Conn.App. 904, 777 A.2d 757, cert. denied, 258 Conn. 921, 782 A.2d 1245 (2001).

On October 18, 2001, the petitioner sought a writ of habeas corpus in the United States District Court for the District of Connecticut, challenging his conviction of murder. The petitioner brought **584 five claims in this petition for a writ of habeas corpus. On November 17, 2004, the District Court held in a memorandum of decision that the first and fourth claims had been adjudicated in the petitioner's direct appeal and that the fifth claim had been heard and rejected by the habeas court. The court found, however, that the second and third claims had not been presented to any state court for review. Therefore, the District Court stayed the case for thirty days and dismissed without prejudice the unexhausted claims.[FN2] As a result, on December 7, 2004, *162 the petitioner filed in state court a second petition for a writ of habeas corpus and alleged two claims: (1) that the admission of a witness' prior inconsistent statements for substantive purposes violated his right to due process and (2) that the admission of the prior inconsistent statements by the witness for substantive purposes violated the petitioner's due process rights because the statements were the sole evidence of the petitioner's guilt. On December 11, 2006, the petitioner filed a motion for summary judgment. On June 4, 2007, the habeas court, *Fuger, J.*, denied the motion for summary judgment [FN3] and denied the petition for a writ of habeas corpus. Subsequently, on June 8, 2007, the petitioner filed a petition for certification to appeal, which was denied by the court on the same day. This appeal followed. Additional facts will be set forth as necessary.

> FN2. The District Court cited § 2254(b)(1)(A) of title 28 of the United States Code for the proposition that "[a] petitioner seeking habeas corpus relief from a state court judgment must first exhaust all available state remedies." Additionally, the court cited *Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), for the holding that "a district court must dismiss all 'mixed petitions' that contain both exhausted and unexhausted

claims."

> FN3. In its memorandum of decision, the court noted that "[t]he parties agreed that there are no material facts in dispute and that no evidence is necessary or required to adjudicate this matter." The court, therefore, applied the law to the undisputed facts and concluded that the petitioner was not entitled to judgment as a matter of law with respect to either of his two claims.

[1] [2] We begin by setting forth the standard of review and legal principles that guide our resolution of the petitioner's appeal. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion.... If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits.... To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further....

*163 "Additionally, we note that [o]ur review of a rendering of summary judgment is subject to a well established standard of review. [S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Such questions of law are subject to plenary appellate review." (Citations omitted; internal quotation marks omitted.) *Edwards v. Commissioner of Correction*, 105 Conn.App. 124, 126-27, 936 A.2d 716 (2008).

I

[3] First, the petitioner claims that the habeas court improperly rejected his claim **585 that he was denied due process of law when the trial court admitted the prior inconsistent statements of a witness as substantive evidence. We disagree with the petitioner.

The following additional facts are relevant to the disposition of the petitioner's claim. On March 4, 1992, a police officer, David Daniels, heard two gunshots fired in the area of 455 Trumbull Avenue in Bridgeport. When Daniels responded, he discovered the victim, who had been shot fatally in the face. The following day, the police questioned Rodney Womble, who, in a signed, sworn statement, identified the petitioner as the person who had shot the victim.

The petitioner was arrested and charged with the victim's murder. At both the probable cause hearing and the trial, Womble testified that although he had witnessed the shooting, he had not been able to identify the person who had shot the victim. He admitted that he had told the police that the petitioner had shot the victim, but he testified that he only had heard rumors that the petitioner had been the one who shot the victim. At the probable cause hearing, the state introduced the portion of Womble's prior statement to the police in *164 which he described the shooting. This portion of the statement was offered for substantive purposes pursuant to *State v. Whelan*, 200 Conn. 743, 513 A.2d 86, cert. denied, 479 U.S. 994, 107 S.Ct. 597, 93 L.Ed.2d 598 (1986). At trial, the state introduced Womble's entire statement for substantive purposes pursuant to *Whelan*. Womble's statement provided the only identification evidence against the petitioner. The petitioner was afforded the opportunity to cross-examine Womble at both the probable cause hearing and at trial.

In essence, the petitioner argues that because Womble disavowed his initial statement at both the trial and the probable cause hearing, the petitioner was prevented from having a "meaningful opportunity to cross-examine Womble...." Furthermore, he states that "confronting a witness who has made a prior inconsistent statement calls for the cross-examination of a witness who is not truly available as a witness." Finally, the petitioner asserts that the confrontation clause and the due process clause mandate that a prior inconsistent statement is sufficient to convict only if the accused has had an opportunity to cross-examine the declarant "at the time the prior statement was made or when the declarant was still affirming its truth."

In its memorandum of decision, the habeas court noted that the petitioner cited *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), for his claim that the admission of Womble's prior inconsistent statement as substantive evidence violated his right to due process. The court then cited *Whorton v. Bockting,* --- U.S. ----, 127 S.Ct. 1173, 167 L.Ed.2d 1 (2007), in which the United States Supreme Court decided that *Crawford* would not be given retroactive effect. The court then stated that the petitioner was convicted in 1993, our Supreme Court affirmed his judgment of conviction in 1996, *Crawford* was released in *165 2004 and *Whorton* was released in 2007. The court concluded, therefore, that the petitioner's reliance on *Crawford* was misplaced and that "[t]he legal authority that [the] petitioner's first claim is premised on has vaporized as a result of *Whorton*, and, therefore, he cannot be entitled to judgment as a matter of law.$^{FN4}$

> FN4. In addition to the *Crawford* argument, the petitioner made other arguments in his memorandum of law in support of his motion for summary judgment before the habeas court and in his appeal before this court. Nevertheless, the habeas court did not address those arguments in its memorandum of decision, and the petitioner did not file a motion for articulation as to why the habeas court did not address those additional arguments. Therefore, because the habeas court did not rule on those arguments, we cannot review them because to do so would result in an ambuscade of the habeas court. See *Brown v. Commissioner of Correction,* 104 Conn.App. 144, 149, 931 A.2d 963, cert. denied, 284 Conn. 937, 937 A.2d 693 (2007).

**586 The habeas court is correct that pursuant to *Whorton*, the petitioner's reliance on *Crawford* is misplaced, and he, therefore, is not entitled to judgment as a matter of law pursuant to *Crawford.* See *Whorton v. Bockting,* supra, at --- U.S. ----, 127 S.Ct. 1173, 167 L.Ed.2d 1. Accordingly, we conclude that the petitioner has not shown that the resolution of the underlying claim involved issues that are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further. Because the petitioner did not demonstrate any of these criteria, he failed to prove that the court abused its discretion in denying the petition for certification to appeal with respect to the claim that the habeas court rejected his claim that the trial court denied him due process of law by admitting improperly the prior inconsistent statements as substantive evidence.

II

[4] Next, the petitioner claims that the habeas court improperly rejected his claim that the trial court improperly admitted Womble's prior inconsistent statements as substantive evidence when they constituted *166 the only evidence of the petitioner's guilt. We disagree with the petitioner.

The petitioner relies on a footnote in *California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970), in which the United States Supreme Court suggested that "considerations of due process, wholly apart from the Confrontation Clause, might prevent convictions where a reliable evidentiary basis is totally lacking." Id., at 164 n. 15, 90 S.Ct. 1930. The petitioner argues that "while *Green* stands for the proposition that prior inconsistent statements can be used as substantive evidence, it does not stand for the proposition that such evidence by itself is enough to satisfy the threshold burden of proof beyond reasonable doubt." [FN5]

> FN5. In addition to his argument that relied on the footnote in *Green,* the petitioner made other arguments in his memorandum of law in support of his motion for summary judgment before the habeas court and in his appeal before this court. Nevertheless, the habeas court did not address those arguments in its memorandum of decision, and the petitioner did not file a motion for articulation as to why the habeas court did not address those additional arguments. Therefore, because the habeas court did not rule on those arguments, we cannot review them because to do so would result in an ambuscade of the habeas court. See footnote 4.

In its memorandum of decision, the habeas court concluded that the *Green* footnote "is not the Supreme Court's holding in *California v. Green,* supra, at 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489." It therefore concluded that "[s]tatements by higher courts that are not germane to deciding a controversy are classic obiter dictum and do not have precedential value, even for lower courts." Because the footnote in *Green* was not binding on it, the court concluded that the petitioner was not entitled to judgment as a matter of law with respect to his claim that the admission of Womble's prior inconsistent statements as substantive evidence violated the petitioner's due process rights when the statements were the only evidence of guilt. **587 We agree with the habeas court that the footnote in *Green* did not constitute the Supreme *167 Court's holding. Because the footnote was not the court's holding, it is purely dictum and not binding on any lower court, and the court properly refused to entertain the petitioner's claim that was premised on the footnote. See *Middletown Commercial Associates, Ltd. Partnership v. Middletown,* 53 Conn.App. 432, 435, 730 A.2d 1201, cert. denied, 250 Conn. 919, 738 A.2d 657 (1999).

Accordingly, we conclude that the petitioner has not shown that the resolution of the underlying claim involved issues that are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further. Because the petitioner did not demonstrate any of these criteria, he failed to prove that the court abused its discretion in denying the petition for certification to appeal with respect to the claim that the habeas court improperly rejected his claim that the trial court denied him due process of law by admitting improperly the prior inconsistent statements as substantive evidence when they constituted the sole evidence of the petitioner's guilt.

The appeal is dismissed.

In this opinion the other judges concurred.

Conn.App.,2008.
Newsome v. Commissioner of Correction
109 Conn.App. 159, 951 A.2d 582

Not Reported in A.2d, 2007 WL 1828869 (Conn.Super.)

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut,
Judicial District of Tolland.
Shawn NEWSOME,
v.
WARDEN.
No. CV054000289S.
June 4, 2007.

Law Office of Raymond John Rigat , Clinton, for Shawn Newsome.

Fairfield Post Convict Remedy Unit, Bridgeport, for Warden.

S.T. FUGER, JR., Judge.

*1 The petitioner, Shawn Newsome, by and through counsel initiated the instant petition for a writ of habeas corpus (petition). The petition, first filed in the Judicial District of New Haven on December 7, 2004, was transferred to the Judicial District of Tolland one week later. The petition raises two claims: first, that the admission of a witness's prior inconsistent statement as substantive evidence against petitioner violated his right to due process under the Fourteenth Amendment to the United States Constitution; and second, relying on *California v. Green,* 399 U.S. 149, 164 n. 15 (1970), that the admission of the prior inconsistent statements by the same witness as substantive evidence violated petitioner's due process rights because they were the sole evidence of petitioner's guilt. Petitioner requests as relief that the habeas court set aside his convictions with prejudice to the State of Connecticut, order him released from prison, or, in the alternative, order a new trial.

Respondent's return admits petitioner's factual allegations in paragraphs one through fifteen of the petition, but denies both petitioner's claims that his due process rights were violated. Respondent's return also asserts two special defenses. First, citing to several federal Circuit Court of Appeals decisions, that petitioner's due process rights were not violated. Second, that petitioner's reliance on *California v. Green* is misplaced because petitioner relies on dicta in that decision, which is not controlling and cannot serve as a basis for overturning petitioner's criminal convictions. Petitioner filed a reply to the return and denies both special defenses.

On December 11, 2006, petitioner filed a motion for summary judgment supported by a memorandum of law. After a thorough summary of the underlying facts, the ensuing criminal proceedings and subsequent procedural history preceding the instant habeas, petitioner's memorandum first argues that he is not procedurally defaulted.[FN1] Petitioner then argues that he has not deliberately bypassed bringing the claims in this petition. As to the first claim, namely that petitioner's due process rights were violated by the admission of a witness's prior inconsistent statement as substantive evidence

against petitioner, petitioner relies on the United States Supreme Court decision in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). As to the second claim, petitioner relies on *California v. Green* as authority for his claim that the admission of prior inconsistent statements by the same witness as substantive evidence violated petitioner's due process rights because they were the sole evidence of petitioner's guilt. Respondent filed a memorandum in opposition to the motion for summary judgment.

> FN1. The court will not address whether petitioner is or is not procedurally defaulted. Respondent's return does not affirmatively raise procedural default as a defense, as the memorandum itself seems to imply at page 23. The court will also not address petitioner's arguments that he can show the cause and prejudice to rebut any procedural default, as well as that a fundamental miscarriage of justice is an exception to showing cause and prejudice. Lastly, the court sees no need to address whether petitioner has deliberately bypassed bringing his claims.

The matter then came before this court on March 26, 2007, for oral argument on the motion for summary judgment. The parties agreed that there are no material facts in dispute and that no evidence is necessary or required to adjudicate this matter. Consequently, the court will make factual determinations from the pleadings, apply the law to the facts, and render judgment.

## *FACTUAL FINDINGS*[FN2]

> FN2. Respondent's return admits petitioner's factual allegations contained in paragraphs 1-15 of the petition. As discussed below when the summary judgment standard is restated, it is the movant's burden to show there are no facts in dispute. The parties agree there are no facts in dispute and respondent has adopted petitioner's factual allegations. Consequently, the court will restate paragraphs 1-15 (factual predicates) of the petition.

*2 1. "On May 26, 1993, the Petitioner was convicted after a jury trial of murder in violation of General Statutes Annotated § 53a-54a. He was sentenced to forty-five years in prison.

2. "In a decision issued on August 6, 1996, entitled *State v. Newsome,* 238 Conn. 588, 682 A.2d 972 (1996), the Connecticut Supreme Court determined that the jury could have reasonably found the following facts: At approximately 10:30 p.m. on March 4, 1992, Bridgeport police officer David Daniels heard two gunshots fired in the area of 455 Trumbull Avenue in Bridgeport. When Daniels responded to the location where he believed the shots had been fired, he saw a car leave the area and discovered the victim, Lance Surrency, lying in the grass in front of 385 Trumbull Avenue. The victim had been shot in the face and was unresponsive. He died shortly thereafter.

3. "The following day, the police questioned Rodney Womble about the shooting. In a signed, sworn statement, Womble identified the [Petitioner] as the person who had shot the victim. Womble told the police that on the previous evening he had observed a fight between the victim and several other men, including the [Petitioner], while they were standing near a 'food bus' in a parking lot of the Trumbull Gardens Housing Complex. Womble stated that the [Petitioner] had poured beer on the victim to provoke him to fight and had then taken out a gun and shot the victim. He further stated that immediately after the shooting, the [Petitioner] had entered a car parked nearby and had driven away.

4. "The [Petitioner] was subsequently arrested and charged with the victims murder. At both the probable cause hearing and at trial, Womble testified that although he had witnessed the shooting, he had not been able to identify the person who had shot the victim. Womble admitted that he had told the police that the [Petitioner] was the shooter, but claimed that he had only heard rumors that the [Petitioner] had shot the victim and had given the [Petitioner's] name to the police in order to leave the police station as quickly as possible. At the probable cause hearing, the state introduced the portion of Womble's prior statement to the police in which he described the shooting. The segment of the statement was offered for substantive purposes pursuant to *State v. Whelan*, 200 Conn. 743, 513 A.2d 86, cert. denied, 479 U.S. 994, 107 S.Ct. 597, 93 L.Ed .2d 598 (1986). The trial court found probable cause to believe that the [Petitioner] had murdered the victim. At trial, the state introduced Womble's entire statement, with some redactions, for substantive purposes pursuant to Whelan. Womble's statement provided the only identification evidence against the [Petitioner]. The jury found the [Petitioner] guilty of murder.

5. "Subsequently, the [Petitioner] moved for a new trial, claiming that he had been deprived of a fair trial by certain juror misconduct, namely: one juror's alleged visit to the scene of the crime; certain comments alleged to have been made by jurors regarding the dress and demeanor of certain witnesses and the credibility of Womble; and contact between one juror and a member of the [Petitioner's] family. After an evidentiary hearing, the trial court denied the [Petitioner's] motion, concluding that the challenged conduct had not affected the jury deliberations or prejudiced the [Petitioner] so as to require a new trial.

\*3 6. "On direct appeal to the Connecticut Supreme Court, the Petitioner claimed that: (1) the trial court lacked jurisdiction to hear his case because the finding of probable cause was invalid; (2) the evidence admitted at trial was insufficient to sustain his conviction; (3) the trial court improperly admitted Womble's extrajudicial statement into evidence at trial; and (4) the trial court improperly denied his motion for a new trial based on juror misconduct. The Connecticut Supreme Court affirmed the judgment of conviction.

7. "On April 30, 1997, the Petitioner filed a pro se petition for writ of habeas corpus. On May 7, 1997, the Office of the Chief Clerk, Superior Court, pursuant to the direction of the Court, Sullivan, J., referred the matter to the Office of the Chief Public Defender who ultimately assigned the Petitioner legal representation by a Special Public Defender.

8. "An amended petition was filed with the habeas court on December 29, 1998. A return was filed by the Respondent on February 23, 2000. A trial was held on the petition on the same day that the return was filed, that is, February 23, 2000. The court conducted an evidentiary hearing on the petition during which the court heard testimony from the Petitioner and his criminal trial counsel, Attorney Carol Goldberg, and received documentary evidence, including the transcript of the Petitioner's trial.

9. "At that hearing the Petitioner asserted that he was deprived of his right to effective assistance of counsel at trial for the following reasons: (1) his attorney failed to appropriately cross-examine the state's witnesses; (2) his attorney failed to present a particular witness on his behalf; (3) his attorney failed to appropriately test the victim's clothing; and (4) his attorney failed to argue to the jury the Rodney Womble shot the victim. The habeas court, Alander, J., found each of these claims to be without merit, and dismissed the state habeas petition on May 16, 2000.

10. "On May 24, 2000, the habeas court denied the petitioner's motion to certify an appeal, but the court did grant the Petitioner's request for a fee waiver in order that he may file an appeal on the issue of whether the habeas court's refusal to certify an issue was an abuse of discretion under the doctrine of *Simms v. Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994) [ *Simms I* ], and *Simms v. Warden*, 230

Conn. 608, 612, 646 A.2d 126 (1994) [ *Simms II* ].

11. "An appeal was timely filed by the Petitioner, on the issue of whether the habeas court refusal to certify an issue was an abuse of discretion, and was dismissed by that court. See *Newsome v. Commissioner of Correction,* 64 Conn.App. 904, 777 A.2d 757 (2001). On July 18, 2001, the Petitioner filed a petition for certification with the Connecticut Supreme Court, which was denied on September 20, 2001. See *Newsome v. Commissioner of Correction,* 258 Conn. 921, 782 A.2d 1245 (2001).

12. "On October 18, 2001, the Petitioner sought a writ of habeas corpus in the United States District Court, for the District of Connecticut, against the Connecticut Commissioner of Correction pursuant to 28 U.S.C.A. § 2254 challenging his conviction for murder under Connecticut law.

*4 13. "The Petitioner brought five claims in support of his federal habeas petition: First, he claimed that evidence to support his criminal conviction was insufficient, and no rational trier of fact could have found him guilty beyond a reasonable doubt; Second, he claimed that the admission of prior inconsistent statements as substantive evidence, even under *Whelan,* constituted a violation of due process of law as guaranteed under the Fourteenth Amendment to the United States Constitution; Third, the Petitioner alleged that the state trial court's admission of a prior inconsistent statement as substantive evidence, where that evidence was the sole evidence of guilty, is a violation of due process pursuant to the United States Supreme Court's ruling in *California v. Green,* 399 U.S. 149, 164 n. 15 (1970); Fourth, the petitioner claimed that the trial court erred in denying his motion for a new trial based on juror misconduct; and Fifth, the Petitioner argued that he suffered from ineffective assistance of counsel during his criminal trial.

14. "On November 17, 2004, the District Court, Hon. Dominic Squatrito, ruled in an eleven page Memorandum of Decision ... that: 'The first and fourth claims were adjudicated by the Connecticut Supreme Court in [the Petitioner's] direct appeal. The fifth claim was heard and rejected by the Connecticut habeas court. The second and third claims have never been presented directly to any state court for review.

15. "Therefore, as a result of these findings, the District Court ordered the following: 'The petition for writ of habeas corpus is "mixed" as it contains both exhausted and unexhausted claims. The court, conscious of the barrier to re-filing this petition created by the AEDPA [FN3] one-year statute of limitations, will exercise its discretion and stay the case for thirty (30) days. The unexhausted claims are dismissed without prejudice. Petitioner must seek to exhaust his unexhausted claims in state court during the initial thirty-day window.' " [FN4]

FN3. Antiterrorism and Effective Death Penalty Act of 1996.

FN4. Petition, at pgs. 1-6.

## DISCUSSION

Practice Book § 23-37 provides that "[a]t any time after the pleadings are closed, any party may move for summary judgment, which shall be rendered if the pleadings, affidavits and any other evidence submitted show that there is no genuine issue of material fact between the parties requiring a trial and the moving party is entitled to judgment as a matter of law." "The summary judgment procedure is

designed to eliminate the delay and expense incident to a trial where there is no real issue to be tried ... It is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial." *Chadha v. Charlotte Hungerford Hospital,* 97 Conn.App. 527, 532, 906 A.2d 14 (2006).

"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law ... In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact. The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law ..." (Internal quotation marks omitted.) *DuPerry v. Kirk,* 90 Conn.App. 493, 508-09, 877 A.2d 928 (2005), cert. denied, 277 Conn. 921, 895 A.2d 795 (2006). "A directed verdict may be rendered only where, on the *evidence viewed in the light most favorable to the nonmovant,* the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Emphasis in original.) *Miller v. United Technologies Corp.,* 233 Conn. 732, 752, 660 A.2d 810 (1995).

*5 Petitioner's first claim is that the admission of Womble's prior inconsistent statement as substantive evidence against petitioner violated his right to due process under the Fourteenth Amendment to the United States Constitution. This claim is premised on the United States Supreme Court decision in *Crawford v. Washington, supra.*

"In *Crawford,* the United States Supreme Court announced a heightened threshold for the admission of hearsay statements deemed to be testimonial ... The court held that where testimonial evidence is at issue ... the sixth amendment demands what the common law required: unavailability and a prior opportunity for cross-examination ... *Crawford* makes clear, however, that, when the declarant appears for cross-examination at trial, the confrontation clause places no constraints at all on the use of his prior testimonial statements ... It is therefore irrelevant that the reliability of some out-of-court statements cannot be replicated, even if the declarant testifies to the same matters in court ... The clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it." (Internal citation and quotation marks omitted.) *State v. George J.,* 280 Conn. 551, 595-96, 910 A.2d 931 (2006), citing and quoting *State v. Pierre,* 277 Conn. 42, 78, 890 A.2d 474, cert. denied, U.S. 126 S.Ct. 2873, 165 L.Ed.2d 904 (2006).

At the summary judgment hearing respondent brought to the court's attention a United States Supreme Court decision, *Whorton v. Bockting* (No. 05-595), released February 28, 2007. The issue in *Whorton* was whether the rule announced in *Crawford* was a new rule and whether it needed to be applied retroactively. The Supreme Court in *Whorton* unanimously concluded that "... *Crawford* announced a 'new rule' and because it is clear and undisputed that the rule is procedural and not substantive, that rule cannot be applied in this collateral [habeas] attack on respondent's conviction unless it is a 'watershed rul[e] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." The court ultimately concluded the *Crawford* rule was not such a 'watershed' rule and, consequently, would not be given retroactive effect.

Petitioner in the instant matter was convicted in 1993 and the Connecticut Supreme Court affirmed the judgment of conviction in 1996. Crawford was released in 2004. The *Whorton* decision, which held *Crawford* would not be applied retroactively, was released in 2007. It is apparent now through the evolution of these cases and their respective holdings that petitioner's reliance on *Crawford* is misplaced. The legal authority that petitioner's first claim is premised on has vaporized as a result of *Whorton* and, therefore, he cannot be entitled to judgment as a matter of law. The motion for summary judgment as to petitioner's first claim must be denied.

\*6 Petitioner's second claim is that the admission of Womble's prior inconsistent statements as substantive evidence violated petitioner's due process rights because they were the sole evidence of petitioner's guilt. Petitioner's basis and authority for this claim is *California v. Green,* 399 U.S. 149, 164 n. 15 (1970). Footnote 15 was inserted after the following sentence: "The Court again emphasized that the error arose because the declarant 'does not testify and cannot be tested by cross-examination,' ... suggesting that no confrontation problem would have existed if [the defendant] had been able to cross-examine his co-defendant." (Internal citation omitted.) *Id.,* at 163.[FN5]

FN5. Here, Womble *did* testify and *was* subject to cross-examination.

Footnote 15 in its entirety is as follows: "Whether admission of the statement would have violated federal evidentiary rules against hearsay, see 391 U.S., at 128 n. 3, is, as emphasized earlier in this opinion, a wholly separate question. Indeed, failure to comply with federal evidentiary standards appears to be the reason for the result in *Bridges v. Wixon,* 326 U.S. 135 (1945)-the only case which might be thought to suggest the existence of a possible constitutional problem in admitting a witness' prior inconsistent statements as substantive evidence. There the Court reversed a deportation order based on such evidence, but the holding was an alternative one and explicitly rested on the ground that the relevant agency rules did not permit the use of such statements. See 326 U.S. at 151-53. While the Court did suggest that the use of such statements in a criminal case would run 'counter to the notions of fairness on which our legal system is founded,' *id.,* at 154, the discussion and citations appear to refer to the 'orthodox' position earlier adopted by this Court as a matter of federal evidentiary, not constitutional law. See *Hickory v. United States,* 151 U.S. 303, 309 (1894). While we may agree that considerations of due process, wholly apart from the Confrontation Clause, might prevent convictions where a reliable evidentiary basis is totally lacking, see *Thompson v. Louisville,* 362 U.S. 199 (1960), we do not read *Bridges* as declaring that the Constitution is necessarily violated by the admission of a witness prior inconsistent statement for the truth of the matter asserted. The Court's opinion in *Bridges* does not discuss the Confrontation Clause."

First, as respondent aptly points out in the brief filed in opposition to the motion for summary judgment, the above-quoted and referenced footnote is not the Supreme Court's holding in *California v. Green.* "It is a well-recognized principle of law that the opinion of an appellate court, so far as it is applicable, establishes the law of the case upon a retrial, and is equally obligatory upon the parties to the action and upon the trial court ... This principle, however, applies only to those matters essential to the appellate courts determination and not to mere dictum ... Dictum includes those discussions that are merely passing commentary ... [,] those that go beyond the facts at issue ... [,] and those that are unnecessary to the holding in the case ... As we have previously recognized, however, it is not dictum when a court of appeal intentionally takes up, discusses and decides a question germane to, though not necessarily decisive of, the controversy ... Rather, such action constitutes an act of the court which it will thereafter recognize as a binding decision ..." (Internal citations and quotation marks omitted.) *Middletown Commercial Associates Ltd Partnership v. Middletown,* 53 Conn.App. 432, 435, 730 A.2d 1201, cert. denied, 250 Conn. 919, 738 A.2d 657 (1999).

\*7 Statements by higher courts that are not germane to deciding a controversy are classic obiter dictum and do not have precedential value, even for lower courts. See, e.g., *State v. Torres,* 85 Conn.App. 303, 321, 858 A.2d 776, cert. denied, 271 Conn. 947, 861 A .2d 1179 (2004), citing *Tracy v. Allstate Ins. Co.,* 76 Conn.App. 329, 337, 819 A.2d 859 (2003) (dicta of Supreme Court not binding on Appellate Court), aff'd, 268 Conn. 281, 842 A.2d 1123 (2004). While such obiter dictum may be persuasive, quite possibly very persuasive, it does not have a binding effect on lower courts. Cf., *Community Collaborative of Bridgeport, Inc. v. Ganim,* 241 Conn. 546, 557, 698 A.2d 245 (1997); *State*

*v. Gaudio,* 19 Conn.App. 588, 593, 562 A.2d 1156 (1989).

Based on the foregoing, the court concludes that petitioner is not entitled to judgment as a matter of law as to his second claim. The motion for summary judgment as to petitioner's second claim also must be denied.

Petitioner's motion for summary judgment is *DENIED.* There being no facts in dispute and after concluding petitioner is not entitled to judgment as a matter of law, judgment shall enter *DENYING* the petition for a writ of habeas corpus. Counsel for petitioner shall prepare and file a judgment file within thirty (30) days of the date of judgment.

Conn.Super.,2007.
Newsome v. Warden
Not Reported in A.2d, 2007 WL 1828869 (Conn.Super.)

Motions, Pleadings and Filings (Back to top)

• TSR-CV-05-4000289-S (Docket) (Feb. 4, 2005)
END OF DOCUMENT

(C) 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.